IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL DEXTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00328-WS-N |
| | ) | |
| NOAH PRICE OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

On May 17, 2012, a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 (doc. 1) was filed by William Michael Dexter, who was incarcerated at that time in the Mobile Metro Jail. The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Dexter does not contend that he has been convicted of any crime[1] but it is unclear on what charge he was being held when he filed his petition for habeas relief. On May

---

[1] Dexter avers in one portion of his petition that "State pick upon the charge and would not let me explain." (Doc. 1 at ¶ 9). At other portions of the petition, Dexter makes reference to "No Representation 2005 Sid Harrell cost me a year" and "Mother told me she was trying to help 2006." (*Id*. at ¶ 4). In answer to the question which was meant to address "[w]hen did the court rule" on a petition for rehearing, Dexter said only "1991 denied mal-practice." (*Id*. at ¶ 10(d)). Similarly, Dexter states "Possible (12 years)" in answer to a question about whether he had filed "a petition for certiorari," which he then states was ruled on "On Record 2003-2004." (*Id*. at ¶ 10(e)). Dexter lists two grounds for habeas relief which are unintelligible. As to "Ground one," Dexter simply says "Facts are at Residence 5/15/2012 – Dec. 14, 2008" and then makes a reference to a claim he apparently made in federal court in "1989." (*Id*. at p. 7). As to "Ground two," Dexter states, *inter alia*, "Searcy Hospital: Stroke Risk; Heart Attack Risk; 2nd Medication out of 3 Invega; Overdose." (*Id*.). Dexter stated that he was "not aware of any sentence" which he is obliged to serve in the future. (*Id*. at p. 11). In a letter attached to the petition, Dexter asserts: "My contingency [sic] on the charge of 2nd Degree Assault vs/ 3rd Degree Assault (if any)(crime) with no intent to harm (touched so <u>slightly</u> took 100 feet to realize that I touched him on the wrist w/o permission.)." (Doc. 1-1).

29, 2012, Dexter paid the requisite filing fee of $5.00 (doc. 4).  Consequently, Dexter's present motion for leave to proceed without prepayment of fees (doc. 3) is now **MOOT**.

Because Dexter included in his last motion (doc. 3) an address for both the Mobile Metro Jail and his residence (doc. 3 at 4 and 7), an oral inquiry was made to the Mobile Metro Jail regarding Dexter's present status.  The Court was advised that Dexter was released from the Mobile Metro Jail on May 24, 2012.

The Court's obligation under 28 U.S.C. § 2254 is to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Although it is apparent from Dexter's petition that he was in custody at the Mobile Metro Jail at the time he filed his habeas petition, he makes no specific assertion that he was being held in violation of any law or Constitutional provision.  Because Dexter is now no longer in custody, this Court must determine whether Dexter's petition has been rendered moot by his release from custody.

It is well established that a release from custody renders a habeas action moot unless the petitioner can show the existence of some collateral consequences arising from the expiration of his sentence. Spencer v. Kemna, 523 U.S. 1, 14 (l998). *See also* Santiago Batista v. Alabama, 2008 WL 2397419, *1 (S.D. Ala. June 10, 2008)("In other words, once a habeas petitioner has been released from imprisonment, the petitioner must establish that "some 'collateral consequence' of the conviction" exists.").  The Supreme Court emphasized in Spencer that petitioner must demonstrate the existence of such "collateral consequences," and that such cannot simply be presumed by the Court.  523

U.S. at 14.  *See also*, Cleckler v. United States, 410 Fed.Appx 279, 283 (11th Cir. Jan. 24, 2011)("Ordinarily, if a habeas petitioner attacks only his sentence, and the sentence expires before final adjudication of the habeas petition, the case is moot.. . [but] is not moot if the petitioner proves that 'collateral consequences' of the expired sentence remain.")(*citing*, Lane v. Williams, 455 U.S. 624, 631 (1982)(involving a due process claim that became moot when the petitioner's supervised release term ended while an appeal to the Sixth Circuit was pending.);  Mattern v. Secretary for the Dept. of Corrections, 494 F.3d 1282, 1285 (11th Cir. 2007)("[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot.").

Dexter's petition has been rendered moot by his release from custody because he has received the relief he sought in his petition, namely "immediate release"  (doc. 1-1) from his confinement at the Mobile Metro Jail.  Dexter cannot point to any "collateral consequence" because, *inter alia*, he has failed to allege that he has been either charged with or convicted of any specific crime or that such charge or conviction was in violation of any law, treaty or Constitutional provision.  Dexter sought only his release from custody and he has now received that relief.

## CONCLUSION

For the reasons stated above, it is recommended that the petition filed by William Michael Dexter pursuant to 28 U.S.C. § 2254 be **DISMISSED** as **MOOT**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

The Clerk is directed to mail this Order to the petitioner at his home address at 1925 Sandy Creek Drive, Semmes, Alabama 36575-7261, by both regular mail and certified mail.

**DONE** this  31st  day of May, 2012.

>                /s/ Katherine P. Nelson
>                KATHERINE P. NELSON
>                UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[2] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of May, 2012.
/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).